## THE STATE v. JOHN K. ZEIGLER.

1. A motion to quash an indictment removed to this court by *certiorari*, can only be made for objections apparent on the face of the record.
2. The act of March 26th, 1874, (*Rev.*, *p.* 493,) exempts from the operation of the sixtieth section of the Crimes act, offences committed in such cities as, having power to pass ordinances providing a punishment for the unlicensed sale of spirituous liquors, have passed such ordinances. But such exemption continues only so long as such ordinances remain in force and ceases upon their repeal.
3. Whether such ordinances are in force in any city, is a question of fact which cannot be considered on a motion to quash.

On *certiorari* to the Hunterdon Quarter Sessions.

Argued at February Term, 1884, before Justices KNAPP, DIXON and MAGIE.

For the state, *E. P. Conkling*, prosecutor of the pleas.

For the defendant, *J. N. Voorhees.*

The opinion of the court was delivered by

MAGIE, J. The defendant was indicted by the grand jury of Hunterdon county, and the indictment was handed down to the Court of General Sessions of that county. Defendant was there arraigned, pleaded not guilty, and was recognized for appearance. On the day named for appearance a *certiorari* was allowed, and all the proceedings were thereby brought into this court.

There has been an elaborate argument submitted by briefs from both counsel, but neither has made known the motion intended to be made, or indicated the adjudication that is invoked. It does not appear that defendant has withdrawn his traverse to the indictment so as to permit him to question the legal sufficiency of the charge formulated against him in this record. But since it is plain that both parties desire to raise

a question of that nature, and that a defendant may always be permitted to withdraw his plea for the purpose of moving to quash an indictment, it has been considered best to treat this application as a motion to quash, and as if regularly made.

A motion to quash, however, raises no questions except such as are apparent on the face of the record. *State* v. *Rickey*, 4 *Halst.* 293. If the motion is based on objections to the indictment, the court will only look at the charges therein made, to determine whether an indictable offence is set out to which the defendant ought to be compelled to answer. In making this examination the court will view the indictment in the light of such public acts as they take judicial notice of without being pleaded.

The indictment charges defendant with having committed, in the city of Lambertville, the offence of selling ardent spirits in less measure than a quart without license first had and obtained. It is not contended that the indictment fails to present a complete charge of a criminal offence under the sixtieth section of the Crimes act. The sole contention is, that the city of Lambertville, where the offence is charged to have been committed, is a place exempted from the operation and effect of that section.

This contention is based upon the first section of an act approved March 26th, 1874, (*Rev., p.* 493,) by which it was enacted that the provisions of the thirty-seventh section of the Inns and Taverns act, (now the sixtieth section of the Crimes act,) should not "thereafter apply to offences committed in any of the incorporated cities of the state, the ordinances of which provide for the punishment of the unlicensed sale of spirituous liquors," &c.

The act of 1874 has already been held to apply to the sixtieth section of the Crimes act, with the same effect as it formerly applied to the thirty-seventh section of the Inns and Taverns act. *Sparks* v. *Stokes*, 11 *Vroom* 487 ; *State* v. *Anderson*, 11 *Vroom* 224; *Meyer* v. *State*, 13 *Vroom* 145.

The cities which by the act of 1874 are exempted from the

State v. Zeigler.

operation and effect of the general law, are such as have been empowered to enact ordinances for the punishment of the unlicensed sale of spirituous liquors, and have, in fact, enacted such ordinances.

It is not contended that this indictment should have averred that Lambertville was a city not exempted from the operation of the general law. By the settled rules of criminal pleading, such averment is not essential when the exception is created by a distinct and separate enactment, as in this case. *Whart. Crim. L.*, §§ 378, 379.

The contention is, that Lambertville is, in fact, exempted from the operation of the general law.

But this court must assume that the general law is in force everywhere, unless the contrary appears. It has been assumed in the argument that the charter of Lambertville gives authority for the passage of ordinances punishing the unlicensed sale of spirituous liquors. It is unnecessary to determine whether such authority is given or not. For, assuming that the power to pass such ordinances existed, the city is not thereby exempted from the operation of the general law. Such exemption is effected not by the possession of the power to pass, but by the exercise of the power and the actual passage of such ordinances.

It is therefore obvious that there is nothing before us to show that the sixtieth section of the Crimes act is not in operation in the city of Lambertville. Whether it is so or not, depends on facts not apparent on the record, or shown by any law of which we can take cognizance on this motion. Such facts the defendant may show in his defence on the traverse of the indictment.

Counsel on both sides have assumed that the court, in adjudicating on the matter presented by this record, would consider other facts. They have therefore laid before us the ordinances of the city of Lambertville, by a stipulation providing that they shall be used on the argument, to enable us " to find whether under said charter and ordinances the defendant is liable to punishment on said indictment." It was

not intended, I presume, to substitute this court for a jury in the case, but rather to obtain from the court a construction of the act of 1874. Since by the same stipulation it is admitted that defendant, in fact, committed the acts charged in the indictment, it is obvious that the only real question remaining is whether such acts are offences against the general law, or mere infractions of municipal regulations. This question seems to depend on the construction to be given to the act of 1874. Under such circumstances it is not improper to present the views entertained by the court after the full argument of counsel and much consideration.

The question designed to be raised is thus presented:

On the part of defendant it is claimed that, at the passage of the act of 1874, there were ordinances in force in Lambertville, providing for the punishment of the unlicensed sale of spirituous liquors. His contention is that Lambertville was thereby at once exempted from the operation of the general law, and could not thereafter be subjected to its operation, except by a legislative act.

In passing, I should say that I have been unable to discover, in the copy of the ordinances furnished me, any such ordinance prior to one passed in 1876. But I have stated defendant's claim, which presents the question desired to be determined.

On the other hand, the prosecutor points us to an ordinance passed in 1883, whereby so much of all previous ordinances of the city of Lambertville as prescribed such punishment was expressly repealed. His contention is, that if, by the passage of ordinances prescribing such punishment either before or after the act of 1874, the city of Lambertville became exempted from the operation of the general law, the repeal of such ordinances immediately subjected it to its operation again.

I think the construction contended for by defendant is entirely unwarranted.

The act of 1874 was passed after the argument of a case in this court, in which it was contended that the offence of sell-

ing liquor without license was one capable of being punished, both under state and municipal law. That contention was adopted by this court. *Howe* v. *Treasurer of Plainfield*, 8 *Vroom* 145. Before the decision was promulgated the act was passed. Its plain intent was to prevent the apparent unfairness of subjecting one who committed this statutory crime to two punishments for the same act.

It is strenuously urged that the language of the act limits its operation to the date of its passage. It is said that the words qualifying the cities exempted from the general law, viz., "the ordinances of which *provide* for the punishment of the unlicensed sale," &c., are expressive of present and not of future time, and must be so limited.

The result of such a construction would be so absurd that it will not be resorted to unless the language compels. For if this view be correct, cities which, at the passage of the act of 1874, had authority to pass such ordinances, but had not then exercised the authority, might thereafter pass such ordinances, and so subject offenders to liability to two punishments; and cities which, at the passage of the act, had such ordinances in force, might thereafter repeal them and leave offenders liable to no punishment at all.

The language does not compel any such construction. While the word "provide" is in the present tense, which ordinarily indicates present time, the context plainly shows that it is here used conditionally, and that the time indicated by it is not restricted to the present, but by relation includes the future as well. The clause declares that certain general legislation shall not "hereafter apply" to "offences committed" in certain cities. "Committed" when? The participle used indicates past time, but no one would contend that it was intended to refer to past offences alone. It plainly bears, by relation, a future sense, and includes offences afterward to be committed.

The clause then proceeds to qualify and describe the cities so to be excepted. Where it declares them to be such as "provide" for the punishment of these offences, it is equally

Smith v. Elizabeth.

clear that it means to describe such cities as have a provision of that sort at the time of the commission of the offences.

The result is, that if at the passage of the act of 1874, there were ordinances in Lambertville providing a punishment for this offence, or if afterward such ordinances were passed, the operation of the general law in that city ceased, and was suspended. It remained suspended so long as such ordinances were "provided," and remained in force. Upon their repeal the general law immediately prevailed within the city.

The motion to quash the indictment must therefore be denied.